IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM H. ALLS, II,**

      Petitioner,

v.                                    Civil Action No. 5:10cv118
                                           (Judge Stamp)

**JOEL ZIEGLER, MARILYN VELTRI,**
**J. DURANKO AND K. MONTGOMERY,**

      Respondents.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this case on November 9, 2010, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Dckt. 1] In the petition, the petitioner purports to challenge a prison disciplinary proceeding. *Id.* at 1. In support of that claim, he alleges:

(1) respondents have continued to violate his constitutional rights with deliberate indifference and failed to provide equal treatment;

(2) he has been continually subjected to more severe treatment than others for the same conduct, actions and violations;

(3) respondents have deliberately acted in contravention to the requirements of 28 C.F.R. § 541.10(a) and (3);

(4) respondents have not criminally charged other inmates with the same conduct violations;

(5) respondents completely cut-off/disallowed him any communication with his family or personal legal counsel;

(6) he was denied any use of phone or visitation while in the Special Housing Unit ("SHU") from 7/9/10 to 8/19/10;

(7) respondents and other staff members did knowingly falsify official BOP documents, change statements and facts of the event in question, falsely impersonate themselves as law enforcement officers empowered by the FBI, and denied him legal representation after he

stated he wanted counsel; and

(8) he was questioned at the time of the incident without notification of Miranda rights, respondents stated false facts on the incident report and continued to question him without requested counsel.

*Id.* at 4-6.

Although the petitioner cites to an attached copy of an incident report, *id.* at 5, no such report was attached to the petition. Moreover, the petitioner fails to allege what, if any sanctions he received as a result of the disciplinary proceedings.

On November 22, 2010, the petitioner paid the required $5.00 filing fee. [Dckt. 7] Accordingly, on November 29, 2010, the undersigned conducted a preliminary review of the petition pursuant to LR PL P 2. [Dckt. 8] Upon that review, the undersigned noted that the essence of habeas corpus is to attack the legality of custody and to secure release from incarceration. *Id.* at 1. With regard to prison disciplinary proceedings, the undersigned noted that § 2241 is the appropriate avenue to challenge such proceedings only when the proceeding resulted in a loss of good conduct credits. *Id.* Otherwise, such a challenge is more appropriately brought as a civil rights action. *Id.* Because it was not clear from the petition whether the petitioner's disciplinary proceedings had resulted in a loss of good conduct credits, the petitioner was directed to clarify his claims. *Id.* at 1-2. More specifically, he was directed to file an affidavit describing the challenged disciplinary proceedings and the punishment he received, as well as, a copy of the relevant incident report and hearing officer's report. *Id.* at 2. The petitioner filed his response to that Order on December 14, 2010. [Dckt. 11]

In his response, the petitioner asserts the following:

(1) he has been held in the SHU for administrative detention purposes since July 9, 2010, upon being found to have a cellular telephone in his possession;

2

(2) he has repeatedly requested that a hearing officer hear the charges against him and that he be treated in a fair and consistent manner;

(3) pursuant to the applicable Codes of Federal Regulations, the petitioner has requested an initial hearing before a Unit Disciplinary Committee;

(4) although he has not waived any review, his requests for review have been denied;

(5) his treatment is biased, unfair and unwarranted and constitutes deliberate indifference to his rights;

(6) the respondents' actions have deprived him of his due process rights; and

(7) his attempts to exhaust these claims through the administrative remedy process have been unsuccessful.

*Id.* at 1-3.

Attached to the petitioner's response are copies of the incident report and his attempts at administrative exhaustion. The incident report shows that on Friday, July 9, 2010, at approximately 11:00 a.m., a "shake down" was conducted and a cellular phone was discovered. [Dckt. 11, Att. A at ¶ 11] At that time, the petitioner was sitting nearby and allegedly indicated that the phone belonged to him. *Id.* The incident report was written at 4:30 p.m. that day, and delivered to the petitioner at 7:25 that night. *Id.* at ¶¶ 13, 16.

From the petitioner's administrative remedies, it appears that he was placed in the SHU pending an investigation of the charges. *Id.* at Att. 3. Since then, however, the petitioner has not received a disciplinary hearing within the time frames set forth in the applicable sections of the Code of Federal Regulations. *Id.* Thus, through the administrative remedy process, he has requested that the charges proceed. *Id.* In response to his requests, the petitioner has been informed:

> A review of this matter reveals you received an Incident Report on July 9, 2010, for Possession of a Hazardous Tool (cellular telephone). Because this also involved a potential criminal violation, your case was referred to and accepted by the Federal Bureau of Investigation for prosecution.

> Program Statement 5270.07, Inmate Discipline and Special Housing Units, . . . mandates 'when it appears likely that the incident may be the subject of criminal prosecution, the investigating officer shall suspend the investigation, and staff may not question the inmate until the Federal Bureau of Investigation or other investigative agency interview have been completed or until the agency responsible for the criminal investigation advises that staff questioning may occur.' [Ref: Chapter 5, Page 2, Paragraph b-1]
> Therefore . . . your request is denied.

*Id.* at Att. 2.

Consequently, it is clear that at the time this case was filed, and even now, the petitioner has not yet received a disciplinary hearing with regard to the July 9, 2010 incident report. As such, he has not received any sanctions as a result of the report. Thus, his claims do not affect the fact or length of his confinement and are not properly raised in a habeas corpus action. See Preiser v. Rodriguez, 411 U.S. 475, 484, 487 (1973).

Instead, it appears that the petitioner merely challenges the report to the extent that his proceedings have not moved forward, he is being held in the SHU pending a criminal investigation, and the alleged unfair and unequal treatment he has received. Moreover, based on the petitioner's Request for Disciplinary Hearing Order [dckt.12], filed on December 14, 2010, it appears that the main relief the petitioner seeks is an Order from the Court directing the respondents to conduct his disciplinary proceedings without further day. Therefore, this case should have been brought as either a civil rights action or a petition for writ of mandamus.

Accordingly, for the reasons stated, the undersigned recommends that the petitioner's § 2241 petition [dckt. 1] be **DENIED without prejudice** to his right to re-file his claims in an appropriate manner. In light of this finding, the undersigned further recommends that the petitioner's Request for Disciplinary Hearing Order [dckt. 12] be **DENIED as moot**.

Within **FOURTEEN (14) DAYS** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: February 9, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE