IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM H. ALLS, II,

    Petitioner,

v.                                                Civil Action No. 5:10CV118
                                                                                        (STAMP)
JOEL ZIEGLER, MARILYN VELTRI,
J. DURANKO and K. MONTGOMERY,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.   <u>Background</u>

On November 9, 2010, the <u>pro se</u>[1] petitioner, William H. Alls, II, filed an application for habeas corpus pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary proceeding. Specifically, the petitioner alleges that the respondents violated his constitutional rights with deliberate indifference, failed to provide him with equal treatment, deliberately acted in contravention of the requirements of 28 C.F.R. § 541.10(a) and (3), prohibited him from communicating with his family, denied him visitation, falsified facts and Bureau of Prisons ("BOP") documents, and denied him legal representation.[2]

On November 29, 2010, United States Magistrate Judge John S. Kaull conducted a preliminary review of the petition pursuant to

---

[1]"<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1341 (9th ed. 2009).

[2]The petitioner cites to an attached copy of an incident report, but no such report was attached to the § 2241 petition.

Local Rule of Prisoner Litigation Procedure 2 and directed the petitioner to clarify his claims. Because it is not clear from the petition whether the petitioner's disciplinary proceedings resulted in a loss of good conduct credits, the magistrate judge directed the petitioner to file an affidavit describing the challenged disciplinary proceedings and the punishment that he received, as well as a copy of the relevant incident report.[3]

The petitioner filed a response to the magistrate judge's order on December 14, 2010. In his response, the petitioner makes the following claims: (1) he has been held in the Special Housing Unit ("SHU") since July 9, 2010; (2) he has requested a hearing before the Unit Disciplinary Committee but his requests have been denied; (3) his treatment constitutes deliberate indifference; (4) he has been deprived of his due process rights; and (5) his attempts to exhaust his claims through the administrative remedy process have been unsuccessful. The petitioner attached copies of the incident report and his requests for administrative remedy to his response. The petitioner also filed a letter motion requesting a disciplinary hearing order on December 14, 2010.

Magistrate Judge Kaull submitted a report and recommendation on February 9, 2011. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file

---

[3]The magistrate judge also noted that § 2241 is the appropriate avenue to challenge prison disciplinary proceedings only when the proceeding resulted in a loss of good conduct credits.

written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. Neither the petitioner nor the respondents filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

The incident report submitted by the petitioner shows that on Friday, July 9, 2010, a "shake down" was conducted and a cellular phone was discovered. The petitioner allegedly indicated that the phone belonged to him, and he was placed in the SHU pending an investigation of the matter. After reviewing the petitioner's requests for administrative remedy, the magistrate judge determined that the petitioner has not yet received a disciplinary hearing

with regard to the July 9, 2010 incident report.[4]  As such, he has not received any sanctions as a result of the incident report and his claims do not affect the fact or length of his confinement. Therefore, his claims are not properly raised in a habeas corpus action.  See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement.").

This Court agrees with the magistrate judge's conclusion that the petitioner's § 2241 petition merely highlights the slow progression of the criminal proceedings, the fact that the petitioner is being held in the SHU pending a criminal investigation, and the alleged unfair and unequal treatment he has received.  Because the primary relief that the petitioner seeks is an order directing the respondents to conduct his disciplinary proceedings without further delay, this case should have been brought as either a civil rights action or a petition for writ of mandamus rather than a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Following review of the record, this Court finds no clear error in the magistrate judge's recommendations.

---

[4]The petitioner was informed by the acting warden on November 5, 2010 that because the incident involved a potential criminal violation, the case was referred to and accepted by the Federal Bureau of Investigation for prosecution, and his request for administrative remedy is denied.

IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby ADOPTED and AFFIRMED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED WITHOUT PREJUDICE to his right to re-file claims in an appropriate manner. Further, the petitioner's request for a disciplinary hearing order is DENIED AS MOOT. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court as to the matters addressed in the magistrate judge's report and recommendation.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:     March 22, 2011

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE